| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Numbers and California State Bar Number<br>Baruch C. Cohen<br>Baruch C. Cohen, Esq.<br>Law Office of Baruch C. Cohen<br>4929 Wilshire Boulevard, Suite 940<br>Los Angeles, CA 90010<br>323/937-4501<br>323/937-4503<br>159455<br>*Attorney for* ROBERT L. SMITH dba COMMERCIAL JUDGEMENT RECOVERY | FOR COURT USE ONLY |

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | |
| In re: LAWRENCE SCOTT HOMAN, SHERRY L. HOMAN<br><br><br><br>Debtor(s). | |
| ROBERT L. SMITH dba COMMERCIAL JUDGEMENT RECOVERY<br><br>Plaintiff(s). | CHAPTER: 7<br><br>CASE NO.: 8:10-bk-14545-TA |
| vs. | ADVERSARY NO.: 8:10-ap-01267-TA |
| LAWRENCE SCOTT HOMAN, SHERRY L. HOMAN<br><br>Defendant(s). | DATE: 8-26-2010<br>TIME: 10:00am<br>PLACE: courtroom 5B |

## UNILATERAL STATUS REPORT
### LOCAL BANKRUPTCY RULE 7016-1(a)(2)
### and DECLARATION OF BARUCH COHEN

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Baruch Cohen submits the following UNILATERAL STATUS REPORT   in accordance with Local Bankruptcy Rule 7016-1(a)(2):

### A.   PLEADINGS/SERVICE:

1.   Have all parties been served?      ☒ Yes    ☐ No

2.   Have all parties filed and served answers to the complaint/ counter-complaints/etc.?      ☒ Yes    ☐ No

3.   Have all motions addressed to the pleadings been resolved?      ☒ Yes    ☐ No

4.   Have counsel met and conferred in compliance with Local Bankruptcy Rule 7026-1?      ☐ Yes    ☒ No

5.   If your answer to any of the four preceding questions is anything <u>other</u> than an unqualified "YES," then please explain below *(or on attached page)*: PLAINTIFF'S COUNSEL WAS RETAINED ON 8-9-2010 AND INITIATED THE MEET AND CONFER ON THAT DATE. DEFENDANT'S COUNSEL REFUSED TO COMPLY.

*(Continued on next page)*

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

**F 7016-1.1**

F701611

UNILATERAL STATUS REPORT                                          **F 7016-1.1**

| In re LAWRENCE SCOTT HOMAN, SHERRY L. HOMAN | CHAPTER: 7 |
| | CASE NO.: 8:10-bk-14545-TA |
| Debtor(s). | ADVERSARY NO.: 8:10-ap-01267 |

B.    **READINESS FOR TRIAL:**

    1.    When will you be ready for trial in this case?

        <u>Plaintiff</u>            <u>Defendant</u>

        JANUARY 2011

    2.    If your answer to the above is more than four (4) months after the summons issued in this case, give reasons for further delay.

        <u>Plaintiff</u>            <u>Defendant</u>

    3.    When do you expect to complete <u>your</u> discovery efforts?

        <u>Plaintiff</u>            <u>Defendant</u>

        DECEMBER 2010

    4.    What additional discovery do you require to prepare for trial?

        <u>Plaintiff</u>            <u>Defendant</u>

        UNKNOWN

C.    **TRIAL TIME:**

    1.    What is your estimate of the time required to present <u>your side of the case</u> at trial (including rebuttal stage if applicable)?

        <u>Plaintiff</u>            <u>Defendant</u>

        4-5 HOURS

    2.    How many witnesses do you intend to call at trial (including opposing parties)?

        <u>Plaintiff</u>            <u>Defendant</u>

        3-5

    3.    How many exhibits do you anticipate using at trial?

        <u>Plaintiff</u>            <u>Defendant</u>

        5-10

*(Continued on next page)*

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

UNILATERAL STATUS REPORT                          **F 7016-1.1**

| In re LAWRENCE SCOTT HOMAN, SHERRY L. HOMAN | CHAPTER: 7 |
| | CASE NO.: 8:10-bk-14545-TA |
| Debtor(s). | ADVERSARY NO.: 8:10-ap-01267 |

**D.    PRE-TRIAL CONFERENCE:**

A pre-trial conference is usually conducted between a week to a month before trial, at which time a pre-trial order will be signed by the court. [See Local Bankruptcy Rule 7016-1.] If you believe that a pre-trial conference is not necessary or appropriate in this case, please so note below, stating your reasons:

| Plaintiff | Defendant |
| --- | --- |
| Pre-trial conference X_ (is)/ ___ (is not) requested. | Pre-trial conference ___ (is)/ ___ (is not) requested. |
| Reasons: TO CLARIFY THE ISSUES | Reasons: _____ |
| BEFORE TRIAL | |

| Plaintiff | Defendant |
| --- | --- |
| Pre-trial conference should be set <u>after</u>: | Pre-trial conference should be set <u>after</u>: |
| (date) DECEMBER 1, 2010 | (date) _____ |

**E.    SETTLEMENT:**

1.    What is the status of settlement efforts? NONE. THIS IS A 727 ACTION.

2.    Has this dispute been formally mediated?          ☐ Yes    ☒ No
       If so, when?

3.    Do you want this matter sent to mediation at this time?

|        | Plaintiff | | | Defendant | | |
| --- | --- | --- | --- | --- | --- | --- |
| | ☐ Yes | ☒ No | | ☐ Yes | ☐ No | |

*(Continued on next page)*

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

UNILATERAL STATUS REPORT

**F 7016-1.1**

| In re LAWRENCE SCOTT HOMAN, SHERRY L. HOMAN | CHAPTER: 7 |
|---|---|
| | CASE NO.: 8:10-bk-14545-TA |
| Debtor(s). | ADVERSARY NO.: 8:10-ap-01267 |

**F.** **ADDITIONAL COMMENTS/RECOMMENDATIONS RE TRIAL:** *(Use additional page if necessary.)*

The Complaint is to deny the Debtors' discharge pursuant to 11 U.S.C. §
727(a)(4)(A) based on the following four acts of bad faith bankruptcy
fraud:

1. Intentionally excluding the last six months wages of Sherry L Homan in
the Debtors' Monthly Income Component of the Means Test;

2. Fraudulently including "phantom" unemployment income from Sherry L Homan
in the Debtors' Monthly Income Component of the Means Test;

3. Deliberately excluding the income of the Debtors' dependent Stephanie A
Homan from the Debtors' Monthly Income Component of the Means Test;

4. Falsely reflecting Lawrence Scott Homan's voluntary 401-K Savings as a
"Payroll Deduction" instead of an "Income Source."

Please do not schedule trial on the following Jewish holidays:
Passover: Tue Apr 19 - Tue Apr 26, 2011
Shavuot: Wed Jun 8 - Thu Jun 9, 2011

Respectfully submitted,

Dated: 8-16-2010                          Dated: _____

Baruch C. Cohen, Esq.                     _____
*Firm Name*                                *Firm Name*

By: _____       By: _____

Name: /s/ Baruch C. Cohen                 Name: _____

Attorney for: ROBERT L. SMITH dba COMMERCIAL     Attorney for: _____
            JUDGEMENT RECOVERY

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

**F 7016-1.1**

| Lawrence Scott Homan and Sherry L Homan. Chapter 7 Case 10-14545 | Bob Smith vs. Homan Adv 8:10-ap-01267-TA |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

### PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 4929 Wilshire Boulevard, Suite 940, Los Angeles, CA 90010

The foregoing document described **UNILATERAL STATUS REPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On August 16, 2010 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Jacob D Chang - jacobchang.esq@gmail.com
United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
Baruch C· Cohen - bcc4929@gmail.com

II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served):

On August 16, 2010 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

Lawrence Scott Homan and Sherry L Homan, 424 Quail Run, Placentia, CA 92870
Jacob D Chang, 1440 N Harbor Blvd., # 250, Fullerton, CA 92835
Office of the U.S. Trustee, Region 16 411 West Fourth Street, Suite 9041 Santa Ana, CA 92701

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| *Date*    August 16, 2010 | *Signature* |
|---|---|
| *Type Name* **BARUCH C. COHEN** | By ___ /S/ Baruch C. Cohen ___ |

1              DECLARATION OF BARUCH C. COHEN

2       I, BARUCH C. COHEN, declare and state as follows:

3    1.   The facts stated below are true and correct to the best of my personal knowledge and if

4         called upon to testify to them, I could and would competently do so.

5    2.   I am a member in good standing and eligible to practice before the following court(s):

6         California State Supreme Court; US Court of Appeals - Ninth Circuit; Bankruptcy

7         Appellate Panel; United States District Courts: Central District of CA; Eastern District of

8         CA; Northern District of CA; & Southern District of CA.

9    3.   I am the principal shareholder and President of The Law Office of Baruch C. Cohen. A

10        Professional Law Corporation, located at 4929 Wilshire Boulevard, Suite 940, Los

11        Angeles, California 90010, and represent Plaintiff herein.

12   4.   This Declaration is in further support of the *Unilateral Status Report*.

13   5.   The Debtors commenced their chapter 7 bankruptcy on April 8, 2010.

14   6.   The deadline to file complaints for discharge was July 19, 2010.

15   7.   *Plaintiff* ROBERT L. SMITH dba COMMERCIAL JUDGEMENT RECOVERY timely

16        filed the above-referenced adversary complaint pursuant to 11 U.S.C. §727 on June 1,

17        2010. For some inexplicable reason, the bankruptcy clerk erroneously issued a discharge

18        to the Debtors on July 27, 2010 (perhaps the clerk was unaware of my client's pending

19        §727 action). However, the bankruptcy clerk corrected the problem on August 13, 2010

20        and vacated the Debtors' discharge as a result of the clerical error.

21   8.   I substituted into the case on August 9, 2010 and immediately faxed, emailed and mailed

22        Defendants' counsel Jacob Chang a letter, Notice of Compliance with Local Rule 7026-1

23        and *Joint Status Report*. "As I'm sure you know, Local Bankruptcy Rule 7016-1(a)(2)

24        provides that the parties are mutually required to file a *Joint Status Report* within 10

25        calendar days of the Status Conference. As the Status Conference in this case is scheduled

26        for August 26, 2010, according to my calculations, the *Joint Status Report* must be filed by

27        no later than Monday August 16, 2010. As Local Bankruptcy Rule 7016-1(a)(2)(A)-(H)

28

F:\DOCS\COMMERCIAL JUDGEMENT RECOVERY\BCC DECLARATION.wpd
8/16-6 17pm

1  requires that we address several important issues in advance of the filing, I would ask that

2  you return Defendants' side of the *Joint Status Report* to me asap so that it can be filed on

3  time. Additionally, in light of the fact that my litigation calendar for the next two weeks is

4  very tight, I would ask that the Defendant jump-start the process immediately and not wait

5  for the last minute to comply. Additionally, as I'm sure you know Local Bankruptcy Rule

6  7026-1 requires an early meeting of counsel. Please advise when we can meet and confer re

7  same. Finally, Federal Rule of Bankruptcy Procedure 7026 and Federal Rule of Civil

8  Procedure Rule 26 (a) (1) (A) and (B), provide that "Except in categories of proceedings

9  specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a

10  party must, without awaiting discovery requires, provide to other parties: (a) the name and,

11  if known, the address and telephone number of each individual likely to have discoverable

12  information that the disclosing party may use to support its claims or defenses, unless

13  solely used fro impeachment, identifying the subjects of the information; (b) a copy of, or a

14  description by category and location of, all documents, data compilations, and tangible

15  things that are in the possession, custody, or control of the party and that the disclosing

16  party may use to support its claims or defenses, unless solely for impeachment. Plaintiff is

17  seeking evidence of Mrs. Homan's pre and post-petition pay stubs and would appreciate

18  you producing them immediately as part of the early exchange."[1]

19  9.    Not receiving a response from Mr. Chang, on Sunday August 15, 2010, I wrote him again:

20  "Counsel: I have not received your response to my letter of August 9, 2010 regarding: (i)

21  the Joint State Report, (ii) the Early Meeting, and (iii) the Initial Exchange. Our deadline

22  for filing the JSR is tomorrow and I must have your immediate participation, otherwise I

23

24

25

26

27  [1]A true and correct copy of my letter of August 9, 2010 is attached hereto as Exhibit "1" and

28  is incorporated herein by this reference.

1    will be forced to file a Unilateral Status Report tomorrow morning, which I would prefer

2    not to do. Please advise. Baruch."[2]

3    10.    It is for the above-reasons that I had to file this Unilateral Status Report.

4

5    I declare under penalty of perjury under the laws of the State of California that the

6    foregoing is true and correct and that this Declaration was executed on August 16, 2010, at Los

7    Angeles, California.

8    By ___ /S/ Baruch C. Cohen _____

9    BARUCH C. COHEN, Declarant

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27    [2]A true and correct copy of my letter of August 15, 2010 is attached hereto as Exhibit "2" and

28    is incorporated herein by this reference.

F:\DOCS\COMMERCIAL JUDGEMENT RECOVERY\BCC DECLARATION.wpd
8/16-6:17pm                                                          3

Law Office of

# Baruch C. Cohen, Esq.

4929 Wilshire Boulevard, Suite 940          Telephone: (323) 937-4501
Los Angeles, California 90010-3823          Facsimile: (323) 937-4503

August 9, 2010

_Via Facsimile Transmission 888-822-1710 and via email: Jacobchang.esq@gmail.com_

Jacob Chang, Esq.
Jacob D Chang, 1440 N Harbor Blvd., # 250
Fullerton, CA 92835

Re:   Lawrence Scott Homan and Sherry L Homan, Chapter 7 Case 10-14545
       Bob Smith vs. Homan, Adversary Pleading 8:10-ap-01267-TA

Dear Mr. Chang:

This office has been retained to prosecute the above-referenced adversary complaint pursuant to
11 U.S.C. §727 entitled: _Bob Smith vs. Homan_, Adversary Pleading 8:10-ap-01267-TA. Please
direct any and all communications to my attention. My contact information is above, and my cell
number is 323-353-9535 and my email is bcc4929@gmail.com.

I am faxing you, emailing you and mailing you, the attached _Notice of Compliance with Local
Rule 7026-1_ and _Joint Status Report._

As I'm sure you know, Local Bankruptcy Rule 7016-1(a)(2) provides that the parties are
mutually required to file a _Joint Status Report_ within 10 calendar days of the Status Conference.
As the Status Conference in this case is scheduled for August 26, 2010, according to my
calculations, the _Joint Status Report_ must be filed by no later than Monday August 16, 2010. As
Local Bankruptcy Rule 7016-1(a)(2)(A)-(H) requires that we address several important issues in
advance of the filing, I would ask that you return Defendants' side of the _Joint Status Report_ to
me asap so that it can be filed on time. Additionally, in light of the fact that my litigation
calendar for the next two weeks is very tight, I would ask that the Defendant jump-start the
process immediately and not wait for the last minute to comply.

Additionally, as I'm sure you know Local Bankruptcy Rule 7026-1 requires an early meeting of
counsel. Please advise when we can meet and confer re same.

Finally, Federal Rule of Bankruptcy Procedure 7026 and Federal Rule of Civil Procedure Rule 26
(a) (1) (A) and (B), provide that "Except in categories of proceedings specified in Rule
26(a)(1)(E). or to the extent otherwise stipulated or directed by order, a party must, without
awaiting discovery requires, provide to other parties: (a) the name and, if known, the address and
telephone number of each individual likely to have discoverable information that the disclosing
party may use to support its claims or defenses, unless solely used fro impeachment, identifying
the subjects of the information; (b) a copy of, or a description by category and location of, all
documents, data compilations, and tangible things that are in the possession, custody, or control
of the party and that the disclosing party may use to support its claims or defenses, unless solely
for impeachment. Plaintiff is seeking evidence of Mrs. Homan's pre and post-petition pay stubs
and would appreciate you producing them immediately as part of the early exchange.

Exhibit 1 Page 1

If you have any questions or comments regarding the above, please do not hesitate to call.

Respectfully,

BARUCH C. COHEN
cc:      Robert L. Smith da Commercial Judgement Recovery
Enclosures:    *Notice of Compliance with Local Rule 7026-1, & Joint Status
               Report*
F:\DOCS\COMMERCIAL JUDGEMENT RECOVERY\OPC-01-LTR.wpd
8/9-7 21pm

Page -2-

Exhibit 1 Page 2

1 │ Baruch C. Cohen, Esq. (SBN 159455)
   │ LAW OFFICE OF BARUCH C. COHEN
2 │    A Professional Law Corporation
   │ 4929 Wilshire Boulevard, Suite 940
3 │ Los Angeles, California 90010
   │ (323) 937-4501        Fax (323) 937-4503
4 │ e-mail: BCC4929@gmail.com
   │ Linkedin Profile: http://www.linkedin.com/in/baruchcohen
5 │
   │ *Attorneys For Plaintiff* ROBERT L. SMITH dba COMMERCIAL JUDGEMENT RECOVERY
6 │
7 │
8 │                    UNITED STATES BANKRUPTCY COURT
9 │                    CENTRAL DISTRICT OF CALIFORNIA
10 │                        SANTA ANA DIVISION
11 │
12 │ In re                                  Case No. 8:10-bk-14545-TA
   │                                        Before the Honorable Theodore Albert
13 │ LAWRENCE SCOTT HOMAN,
   │ SHERRY L. HOMAN                        Chapter 7
14 │        Debtors.                        Adversary 8:10-ap-01267-TA
15 │ ──────────────────────────
16 │ ROBERT L. SMITH dba                    NOTICE OF COMPLIANCE WITH LOCAL
   │ COMMERCIAL JUDGEMENT                   RULE 7026-1
17 │ RECOVERY,
   │                                        *Status Conference Hearing:*
18 │        Plaintiff.                      Date: August 26, 2010
   │                                        Time: 10:00am
19 │ vs.                                    Place: Courtroom 5B
   │                                        411 W Fourth St
20 │ LAWRENCE SCOTT HOMAN,                  Santa Ana, CA 92701
   │ SHERRY L. HOMAN
21 │
   │        Defendants
22 │
23 │        TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:
24 │        PLEASE TAKE NOTICE: in this matter compliance with Local Bankruptcy Rule 7026-1
25 │ is mandatory.[1]
26 │ ──────────────────────
27 │        [1]A true and correct copy of the: COMPLAINT; SUMMONS AND NOTICE OF STATUS
28 │ CONFERENCE; NOTICE OF COMPLIANCE WITH LOCAL RULE 7026-1  is attached hereto as

f:\DOCS\COMMERCIAL JUDGEMENT RECOVERY\NOTICE-OF-COMPLIANCE.wpd
8/9-6:58pm

Exhibit 1 Page 3

1     PLEASE TAKE NOTICE THAT pursuant to Local Bankruptcy Rule 7026-1, early

2  meeting of counsel is required in this action. Specifically, "...the parties shall conduct the meeting

3  and exchange the information required by Federal Rule of Bankruptcy Procedure Rule 7026 within

4  the time limits set forth therein and shall prepare and file within 7 days after such a meeting a Joint

5  Status Report containing the information set forth in Local Bankruptcy Rule 7016-1(a)(2), which

6  report shall serve as the written report of such meeting required by Federal Rule of Bankruptcy

7  Procedure 7026."

8     PLEASE TAKE NOTICE THAT pursuant to Federal Rule of Bankruptcy Procedure 7026

9  and Federal Rule of Civil Procedure Rule 26 (a) (1) (A) and (B), "Except in categories of

10  proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by

11  order, a party must, without awaiting discovery requires, provide to other parties:

12        (A)     the name and, if known, the address and telephone number of each

13              individual likely to have discoverable information that the disclosing party

14              may use to support its claims or defenses, unless solely used fro

15              impeachment, identifying the subjects of the information;

16        (B)     a copy of, or a description by category and location of, all documents, data

17              compilations, and tangible things that are in the possession, custody, or

18              control of the party and that the disclosing party may use to support its

19              claims or defenses, unless solely for impeachment.

20

21  DATED:     August 9, 2010          LAW OFFICE OF BARUCH C. COHEN, APLC

22
                                       By ___/S/ Baruch C. Cohen_____
23                                     Baruch C. Cohen, Esq.
                                       *Attorney for Plaintiff* ROBERT L. SMITH dba
24                                     COMMERCIAL JUDGEMENT RECOVERY

25

26

27  _____

28  Exhibit "1" and is incorporated herein by this reference.

F:\DOCS\COMMERCIAL JUDGEMENT RECOVERY\NOTICE-OF-COMPLIANCE.wpd
8-9-6-58pm

Exhibit 1 Page 4

must be complete, including exhibits. The amended pleading must not incorporate by reference any part of the prior superseded pleading.

(3)  Unless otherwise ordered, a pleading will not be deemed amended absent compliance with this rule and FRBP 7015.

**(b)  Service of Allowed Amended Pleading.**

(1)  Unless otherwise ordered, an amended pleading allowed by order of the court will be deemed served upon the parties who have previously appeared on the date the motion to amend is granted or the stipulation therefor is approved, provided the proposed amended pleading was lodged and served in accordance with subsection (a)(1). Otherwise, actual service and filing of the amended pleading is required.

(2)  A party who has not previously appeared must be served with an amended pleading as provided in LBR 2002-2 and 7004-1.

## LBR 7016-1. STATUS CONFERENCE, PRETRIAL, AND TRIAL PROCEDURE

(a)  **Status Conference.** In any adversary proceeding, the clerk will issue a summons and notice of the date and time of the status conference.

(1)  Who Must Appear. Each party appearing at any status conference must be represented by either the attorney (or party, if not represented by counsel) who is responsible for trying the case or the attorney who is responsible for preparing the case for trial.

(2)  Contents of Joint Status Report. Unless otherwise ordered by the court, at least 14 days before the date set for each status conference the parties are required to file a joint status report discussing the following:

(A)  State of discovery, including a description of completed discovery and detailed schedule of all further discovery then contemplated;

(B)  A discovery cut-off date;

(C)  A schedule of then contemplated law and motion matters;

(D)  Prospects for settlement;

(E)  A proposed date for the pretrial conference and/or the trial;

(F)  Whether counsel have met and conferred in compliance with LBR 7026-1, and if so, the date of the conference;

(G)  Any other issues affecting the status or management of the case; and

(H)  Whether the parties are interested in alternative dispute resolution.

Exhibit 1 Page 5

LBR 7016-1

(3) Unilateral Status Report. If any party fails to cooperate in the preparation of a joint status report and a response has been filed to the complaint, each party must file a unilateral status report not less than 7 days before the date set for each status conference, unless otherwise ordered by the court. The unilateral status report must contain a declaration setting forth the attempts made by the party to contact or obtain the cooperation of the non-complying party.

(4) Scheduling Order. Unless otherwise ordered by the court, within 7 days after the status conference the plaintiff must lodge, in accordance with LBR 9021-1(b), a proposed scheduling order setting forth the following:

    (A) Deadline to join other parties and to amend the pleadings;

    (B) Deadline to complete discovery;

    (C) Deadline to file any pretrial motions and/or a joint pretrial order;

    (D) Any dates set for further status conferences, a final pretrial conference, and the trial;

    (E) Any other appropriate matter; and

    (F) Proof of service on all opposing counsel (or parties, if not represented by counsel).

(5) Stipulation for Extension of Deadlines in Scheduling Order. A stipulation for extension of the deadlines set forth in a previously entered scheduling order must contain facts establishing cause for the requested extension and be submitted to the court in accordance with LBR 9021-1(b)(2) and LBR 9071-1.

(b) **Joint Pretrial Order.**

    (1) When Required.

        (A) In any adversary proceeding or contested matter, unless otherwise ordered by the court, attorneys for the parties must prepare and lodge, in accordance with LBR 9021-1(b), a written joint pretrial order approved by counsel for all parties.

        (B) Unless otherwise ordered by the court, the joint pretrial order must be lodged and served not less than 14 days before the date set for the trial or pretrial conference, if one is ordered.

        (C) The preparation and filing of the pretrial order is the responsibility of the parties' counsel (or parties, if not represented by counsel). All parties must meet and confer at least 28 days before the date set for trial or pretrial conference, if one is ordered, for the purpose of preparing the pretrial order.

Exhibit 1 Page 6

LBR 7016-1

(2)  Contents of Pretrial Order. Unless the court orders otherwise, a joint pretrial order must include the following statements in the following order:

(A)  "The following facts are admitted and require no proof:" (Set forth a concise statement of each.)

(B)  "The following issues of fact, and no others, remain to be litigated:" (Set forth a concise statement of each.)

(C)  "The following issues of law, and no others, remain to be litigated:" (Set forth a concise statement of each.)

(D)  "Attached is a list of exhibits intended to be offered at the trial by each party, other than exhibits to be used for impeachment only. The parties have exchanged copies of all exhibits." (Attach a list of exhibits in the sequence to be offered, with a description of each, sufficient for identification, and as to each state whether or not there is objection to its admissibility in evidence and the nature thereof.) If deposition testimony is to be offered as part of the evidence, the offering party must comply with LBR 7030-1.

(E)  "The parties have exchanged a list of witnesses to be called at trial." The parties must exchange a list of names and addresses of witnesses, including expert witnesses, to be called at trial other than those contemplated to be used for impeachment or rebuttal. The lists of witnesses must be attached to the proposed joint pretrial order together with a concise summary of the subject of their proposed testimony. If an expert witness is to be called at trial, the parties must exchange short narrative statements of the qualifications of the expert and the testimony expected to be elicited at trial. If the expert to be called at trial has prepared a report, the report must be exchanged as well.

(F)  "Other matters that might affect the trial such as anticipated motions in limine, motions to withdraw reference due to timely jury trial demand pursuant to LBR 9015-2, or other pretrial motions."

(G)  "All discovery is complete."

(H)  "The parties are ready for trial."

(I)  "The estimated length of trial is _____."

(J)  "The foregoing admissions have been made by the parties, and the parties have specified the foregoing issues of fact and law remaining to be litigated. Therefore, this order supersedes the pleadings and governs the course of trial of this cause, unless modified to prevent manifest injustice."

**(c)**  Plaintiff's Duty.

    (1)  It is plaintiff's duty to prepare and sign a proposed joint pretrial order that is complete in all respects except for other parties' lists of exhibits and witnesses.

    (2)  Unless otherwise ordered by the court, plaintiff must serve the proposed joint pretrial order in such manner so that it will actually be received by the office of counsel for all other parties not later than 4:00 p.m. on the 7th day prior to the last day for lodging the proposed pretrial order.

**(d)**  **Duty of Parties Other Than Plaintiff.**  Each other party must, within 3 days following receipt of plaintiff's proposed order, take the following action:

    (1)  Agreement With Form of Proposed Order.  If plaintiff's proposed order is satisfactory, attach that party's list of exhibits and witnesses to the order, indicate approval of the proposed order by signature, file it with the clerk in time to be received within the time prescribed in subsection (b)(1) of this rule, and serve all other parties with a completed copy of the order so filed; or

    (2)  Disagreement With Form of Proposed Order.  If plaintiff's proposed order is unsatisfactory:

        (A)  Immediately meet with or telephone plaintiff in a good faith effort to achieve a joint proposed order; and

        (B)  If such effort is unsuccessful, prepare a separate proposed order and file it, together with plaintiff's order and a declaration of that party setting forth the efforts made to comply with subsection (d)(2)(A) of this rule. The separate proposed order and declaration must be filed and served in such a manner that they will actually be received by the clerk and the plaintiff all within the time set forth in subsection (b)(1) of this rule.

**(e)**  Non-receipt of Proposed Joint Pretrial Order.

    (1)  Plaintiff.  A plaintiff who has complied with subsection (c) of this rule and does not receive a timely response from the other parties, must file and serve a unilateral pretrial order at least 14 days before the trial or pretrial conference, if one is ordered. At the same time, plaintiff must file and serve a declaration asserting the failure of the other parties to respond.

    (2)  Other Parties.  Any party other than plaintiff who has not received plaintiff's proposed pretrial order within the time limits set forth in subsection (c) of this rule, must prepare, file, and serve at least 14 days prior to the trial or pretrial conference, if one is ordered, a declaration attesting to plaintiff's failure to prepare and serve a proposed pretrial order in a timely manner.

**(f)**  **Sanctions for Failure to Comply with Rule.**  In addition to the sanctions authorized by F.R.Civ.P. 16(f), if a status conference statement or a joint proposed pretrial order is not

Exhibit 1 Page 8

filed within the times set forth in subsections (a) or (e), respectively, of this rule, the court may order one or more of the following:

(1)    A continuance of the trial date, if no prejudice is involved to the party who is not at fault;

(2)    An award of monetary sanctions including attorneys' fees against the party at fault, payable to the party not at fault; and/or

(3)    An award of non-monetary sanctions against the party at fault.

Monetary sanctions will be assessed against the party at fault and/or counsel, in the court's discretion. Non-monetary sanctions may include the entry of a judgment of dismissal or the entry of an order striking the answer and entering a default.

(g)    **Failure to Appear at Hearing or Prepare for Trial.** The failure of a party's counsel (or the party, if not represented by counsel) to appear before the court at the status conference or pretrial conference, or to complete the necessary preparations therefor, or to appear at or to be prepared for trial may be considered an abandonment or failure to prosecute or defend diligently, and judgment may be entered against the defaulting party either with respect to a specific issue or as to the entire proceeding, or the proceeding may be dismissed.

## LBR 7026-1. DISCOVERY

(a)    **General.**   Compliance with FRBP 7026 and this rule is required in all adversary proceedings.

(1)    Notice.  The plaintiff must serve with the summons and complaint a notice that compliance with FRBP 7026 and this rule is required.

(2)    Proof of Service. The plaintiff must file a proof of service of this notice together with the proof of service of the summons and complaint.

(b)    **Discovery Conference and Disclosures.**

(1)    Conference of Parties. Unless all defendants default, the parties must conduct the meeting and exchange the information required by FRBP 7026 within the time limits set forth therein.

(2)    Joint Status Report. Within 7 days after such meeting, the parties must prepare a joint status report containing the information set forth in LBR 7016-1(a)(2). The joint status report will serve as the written report of the meeting required by FRBP 7026.

(c)    **Failure to Make Disclosures or Cooperate in Discovery.**

(1)    General.  Unless excused from complying with this rule by order of the court for

Exhibit 1 Page 9

Attorney or Party Name, Address, Telephone & FAX Numbers and California State Bar Number
Baruch C. Cohen
Baruch C. Cohen, Esq.
Law Office of Baruch C. Cohen
4929 Wilshire Boulevard, Suite 940
Los Angeles, CA 90010
323/937-4501
323/937-4503
159455
Attorney for

FOR COURT USE ONLY

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

In re: LAWRENCE SCOTT HOMAN, SHERRY L. HOMAN

Debtor(s).

ROBERT L. SMITH dba COMMERCIAL JUDGEMENT
RECOVERY

Plaintiff(s).

vs.

LAWRENCE SCOTT HOMAN, SHERRY L. HOMAN

Defendant(s).

CHAPTER: 7

CASE NO.: 8:10-bk-14545-TA

ADVERSARY NO.: 8:10-ap-01267-TA

DATE: 8-26-2010
TIME: 10:00am
PLACE: courtroom 5B

## JOINT STATUS REPORT
## LOCAL BANKRUPTCY RULE 7016-1(a)(2)

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The parties submit the following JOINT STATUS REPORT in accordance with Local Bankruptcy Rule 7016-1(a)(2):

A.    <u>PLEADINGS/SERVICE</u>:

1.    Have all parties been served?                                      [x] Yes    [ ] No

2.    Have all parties filed and served answers to the complaint/        [x] Yes    [ ] No
      counter-complaints/etc.?

3.    Have all motions addressed to the pleadings been resolved?         [x] Yes    [ ] No

4.    Have counsel met and conferred in compliance with Local Bankruptcy [ ] Yes    [x] No
      Rule 7026-1?

5.    If your answer to any of the four preceding questions is anything <u>other</u> than an unqualified "YES," then please
      explain below (or on attached page): PLAINTIFF'S COUNSEL WAS RETAINED ON 8-9-2010
      AND INITIATED THE MEET AND CONFER ON THAT DATE.

*(Continued on next page)*

---

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

**F 7016-1.1**
F701611

Exhibit 1 Page 10

Joint Status Report - *Page 2*                                  **F 7016-1.1**

| In re LAWRENCE SCOTT HOMAN, SHERRY L. HOMAN | CHAPTER: 7 |
| | CASE NO: 8:10-bk-14545-TA |
| Debtor(s). | ADVERSARY NO: 8:10-ap-01267 |

**B.**    **READINESS FOR TRIAL:**

1.    When will you be ready for trial in this case?
                    <u>Plaintiff</u>                        <u>Defendant</u>

         JANUARY 2011

2.    If your answer to the above is more than four (4) months after the summons issued in this case, give reasons for further delay.
                    <u>Plaintiff</u>                        <u>Defendant</u>

3.    When do you expect to complete <u>your</u> discovery efforts?
                    <u>Plaintiff</u>                        <u>Defendant</u>

         DECEMBER 2010

4.    What additional discovery do you require to prepare for trial?
                    <u>Plaintiff</u>                        <u>Defendant</u>

         UNKNOWN

**C.**    **TRIAL TIME:**

1.    What is your estimate of the time required to present <u>your side of the case</u> at trial (including rebuttal stage if applicable)?
                    <u>Plaintiff</u>                        <u>Defendant</u>

         4-5 HOURS

2.    How many witnesses do you intend to call at trial (including opposing parties)?
                    <u>Plaintiff</u>                        <u>Defendant</u>

         3-5

3.    How many exhibits do you anticipate using at trial?
                    <u>Plaintiff</u>                        <u>Defendant</u>

         5-10

*(Continued on next page)*

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Joint Status Report - *Page 3*                                   **F 7016-1.1**

| In re LAWRENCE SCOTT HOMAN, SHERRY L. HOMAN | CHAPTER: 7 |
| | CASE NO.: 8:10-bk-14545-TA |
| Debtor(s). | ADVERSARY NO.: 8:10-ap-012 |

**D.    PRE-TRIAL CONFERENCE:**

A pre-trial conference is usually conducted between a week to a month before trial, at which time a pre-trial order will be signed by the court. [See Local Bankruptcy Rule 7016-1.] If you believe that a pre-trial conference is not necessary or appropriate in this case, please so note below, stating your reasons:

| Plaintiff | Defendant |
|---|---|
| Pre-trial conference X_ (is)/ ___ (is not) requested. Reasons: TO CLARIFY THE ISSUES BEFORE TRIAL | Pre-trial conference ___ (is)/ ___ (is not) requested. Reasons: _____ |

| Plaintiff | Defendant |
|---|---|
| Pre-trial conference should be set *after*: | Pre-trial conference should be set *after*: |
| (date) DECEMBER 1, 2010 | (date) _____ |

**E.    SETTLEMENT:**

1.    What is the status of settlement efforts? NONE. THIS IS A 727 ACTION.

2.    Has this dispute been formally mediated?            ☐ Yes        ☒ No
      If so, when?

3.    Do you want this matter sent to mediation at this time?

|   | Plaintiff | | | Defendant | |
|---|---|---|---|---|---|
| | Yes | ☒ No | | ☐ Yes | ☐ No |

*(Continued on next page)*

_____
This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                **F 7016-1.1**

Exhibit 1 Page 12

| Joint Status Report - *Page 4* | **F 7016-1.1** |
|---|---|

| In re LAWRENCE SCOTT HOMAN, SHERRY L. HOMAN | CHAPTER: 7 |
|---|---|
| | CASE NO.: 8:10-bk-14545-TA |
| Debtor(s). | ADVERSARY NO.: 8:10-ap-01267 |

F.    ADDITIONAL COMMENTS/RECOMMENDATIONS RE TRIAL: *(Use additional page if necessary.)*

The Complaint is to deny the Debtors' discharge pursuant to 11 U.S.C. §
727(a)(4)(A) based on the following four acts of bad faith bankruptcy
fraud:
1. Intentionally excluding the last six months wages of Sherry L Homan in
the Debtors' Monthly Income Component of the Means Test;
2. Fraudulently including "phantom" unemployment income from Sherry L Homan
in the Debtors' Monthly Income Component of the Means Test;
3. Deliberately excluding the income of the Debtors' dependent Stephanie A
Homan from the Debtors' Monthly Income Component of the Means Test;
4. Falsely reflecting Lawrence Scott Homan's voluntary 401-K Savings as a
"Payroll Deduction" instead of an "Income Source."

Please do not schedule trial on the following Jewish holidays:
Passover: Tue Apr 19 - Tue Apr 26, 2011
Shavuot: Wed Jun 8 - Thu Jun 9, 2011

Respectfully submitted,

Dated: _____          Dated: _____

Baruch C. Cohen, Esq. _____
*Firm Name*                              *Firm Name*

By: _____            By: _____

Name: _____          Name: _____

Attorney for: _____  Attorney for: _____

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California

January 2009                                                    **F 7016-1.1**

Exhibit 1 Page 13

Tel. 714-963-8200

Fax 714-964-3980

Private Investigator's License # 25929

Vice President, California Association of Judgment Professionals


Email - Rsmith@Debtenforcer.com

Website www.Debtenforcer.com

---

**From:** Baruch Cohen [mailto:bcc4929@gmail.com]
**Sent:** Monday, August 09, 2010 7:30 PM
**To:** jacobchang.esq@gmail.com; Baruch Cohen
**Subject:** Lawrence Scott Homan and Sherry L Homan. Chapter 7 Case 10-14545 Bob Smith vs. Homan,
Adversary Pleading 8:10-ap-01267-TA

[Quoted text hidden]

---

**Baruch Cohen <bcc4929@gmail.com>**                     **Sun, Aug 15, 2010 at 12:25 PM**
To: jacobchang.esq@gmail.com, Baruch Cohen <bcc4929@gmail.com>, Bob Smith <rsmith@debtenforcer.com>

Counsel: I have not received your response to my letter of August 9, 2010 regarding: (i) the Joint State Report, (ii)
the Early Meeting, and (iii) the Initial Exchange. Our deadline for filing the JSR is tomorrow and I must have your
immediate participation, otherwise I will be forced to file a Unilateral Status Report tomorrow morning, which I
would prefer not to do. Please advise. Baruch

[Quoted text hidden]

--

[Quoted text hidden]

---